Dear Mr. Hamaker:
In your correspondence of recent date you inquire whether a member of the Monroe City Council may legally continue to hold full-time employment with Northeast Louisiana University.
The provisions of the Louisiana Dual Officeholding and Dual Employment Law, LSA-R.S. 42:61 et seq., govern our response. The position of Monroe City Council member is a local elective office, while employment with Northeast Louisiana University constitutes employment in the government of this state. See LSA-R.S. 42:62(1); LSA-R.S. 42:62(3); and LSA-R.S. 42:62(6).
LSA-R.S. 42:63, providing the prohibitions against the concurrent holding of certain offices and employments, prohibits the simultaneous holding of the positions in question. LSA-R.S. 42:63
(D) provides in pertinent part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office . . . (Emphasis added).
The law provides for an exemption in LSA-R.S. 42:66(B), stating:
 B. Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
Pursuant to this exemption, if the position of the Director of Special Services in the Operation and Maintenance of Physical Facilities for the Special Services Department under the Business Division of the University is considered employment in a "professional educational capacity", then the simultaneous holding of an elective office would not be prohibited.
The job description for the position with the University is as follows:
 This professional supervisory position within the Division of Business Affairs is responsible for all athletic, intramural, and recreational grounds maintenance and operations. Reporting to the Vice President of Business Affairs, and as delegated to the Director of Physical Plant, this Budget Unit Head is responsible for meeting intercollegiate competition field requirements in football, baseball, softball, and track and field. This position also manages personnel meeting [sic] selected athletic facility maintenance responsibilities. Administrative responsibilities include staffing, budgeting, records, managing the Summer Work Program, and generating reports for facilities operations.
From a review of the job description quoted above, the individual holding the University position is not required to teach, to affect the curriculum taught at the University, nor is he required to directly participate in the delivery of educational programs at the University. This office has previously found the presence of these factors to be indicative of an individual performing in a "professional educational capacity." See Attorney General Opinions 94-278 and 93-625, copies of which are enclosed.
Because these factors are absent, it is the opinion of this office that the Director of Special Services at the University is not employed in a "professional educational capacity". Thus, LSA-R.S. 42:63(D) precludes him from simultaneously holding the elective office of Monroe City Councilman.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL KLK:ams